ZAINEY, J.
MARCH 28, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCACCIA PROCTOR, ET AL.                    CIVIL ACTION

VERSUS                                     NO. 05-6492

THE ESTATE OF JOYCE RICKS, ET AL.          SECTION "A"(5)

## ORDER AND REASONS

On March 9, 2006, the Court entered an order directing the parties to rectify any problems with subject matter jurisdiction, including submitting memoranda and documentation on the issue of damages. (Rec. Doc. 12).  In particular, the Court noted that the presence of the Estate of Joyce Ricks destroys diversity among the parties, and further that it was not facially apparent from the complaint that the amount in controversy for any one plaintiff exceeds $75,000.  The Court having reviewed the parties' submissions is convinced that this matter must be dismissed for lack of subject matter jurisdiction.

## I.   BACKGROUND

Plaintiffs allege injuries from an auto accident on or about

May 17, 2003, near Baton Rouge, Louisiana.  Joyce Ricks was the operator of the vehicle and Scaccia Proctor and Tysheka Miller were passengers.

On May 10, 2004, Brenda Ricks, et al. as well as Plaintiffs herein filed suit in state court.  Defendant Ford Motor Company removed the suit to this Court (Civil Action 04-2342).  On November 14, 2005, in lieu of trial, the Court held a status conference so that all parties could be heard on their joint motion to continue trial.  Enrolled counsel did not appear on behalf of Plaintiffs (Scaccia Proctor and Natasha Miller, as natural tutrix for the minor child, Tysheka Miller), however, another lawyer with the same law firm participated for Plaintiffs at the Court's insistence.  The Court's Minute Entry from that status conference clearly states that Scaccia Proctor and Natasha Miller must appear at the follow-up status conference either personally or through counsel.  (Rec. Doc. 24).  Nevertheless, on December 8, 2005, when the Court conducted a follow-up status conference Proctor and Miller did not appear "either personally or through counsel in direct contravention of the Court's prior order."  (Rec. Doc. 27).  Consequently, the Court dismissed their claims without prejudice.  (Id.).  Plaintiffs did not move for reconsideration of that order.  Instead they filed a new lawsuit on December 14, 2005, which was transferred to this section by the presiding judge.  (Rec. Doc. 8).

## II.  **DISCUSSION**

Federal courts have a continuing obligation to examine the basis for their jurisdiction.  MCG, Inc. v. Great West. Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990).  The issue may be raised by parties, or by the court sua sponte, at any time.  Id. (citing Fed. R. Civ. P. 12(h)(3); Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc., 562 F.2d 938, 940 n.2 (5th Cir. 1977); Oswalt v. Scripto, Inc., 616 F.2d 191 (5th Cir.1980)).  The question of subject matter jurisdiction can never be waived.  Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985).  Nor can jurisdiction be conferred by conduct or consent of the parties. Id. (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984); Eagerton v. Valuations, Inc., 698 F.2d 1115, 1118 (11th Cir. 1983); A.L. Rowan & Son v. Dep't of Housing & Urban Dev., 611 F.2d 997, 998-99 (5th Cir. 1980)).

Plaintiffs argue that the Estate of Joyce Ricks ("the Estate") is an indispensable party because Ricks' insurance policy is completely insufficient to compensate all the individuals who have filed suit relative to the accident at issue.  Ford argues that the Estate is a dispensable party because Plaintiffs are free to separately litigate their claims against Ford without the joinder of an additional tortfeasor. Ford points out that the Estate has no assets against which

3

Plaintiffs could execute a judgment anyway.

When the Court instructed the parties "to take appropriate action to rectify any problems with subject matter jurisdiction," (Rec. Doc. 12), the Court envisioned that Plaintiffs would move to dismiss the Estate if they intended to litigate their claims in federal court.  The Court did not envision dismissing the Estate, which is a properly joined defendant, over Plaintiffs' objection, in order to "create" subject matter jurisdiction.  See Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285, 1289 (M.D. Fla. 2002); Singletary v. Continental Ill. Nat'l Bank & Trust Co., 9 F.3d 1236, 1238 (7th Cir. 1993) ("If a plaintiff wants to retain a nondiverse defendant, it is no business of the court to tell him he can't; the court's job in such a case is to tell him that he can't stay in federal court.").[1]  Thus, if the Estate had been a dispensable party, and if Plaintiff had been willing to dismiss the Estate, then the Court would have granted such a request in order to retain the case.  Joint tortfeasors are rarely indispensable parties yet it is the plaintiff's prerogative to choose which ones to sue and whether to join them in a single

---

[1] In Singletary, Judge Posner pointed out that when a plaintiff chooses to file in federal court and takes the case all the way through trial and appeal without "breathing any jurisdictional doubts," then he should be deemed to have consented to the dropping of non-diverse dispensable parties if necessary to preserve federal jurisdiction.  9 F.3d at 1238.  The instant case does not present such a situation because this litigation is in its infancy.

lawsuit.  This Court has no discretion to dismiss a joint tortfeasor over Plaintiffs' objection simply by virtue of the fact that the party is dispensable.

Nevertheless, if Plaintiff's decision to join the Estate in this litigation constituted a "fraudulent joinder" then the Court would either dismiss the Estate over Plaintiffs' objection or ignore its presence for purposes of jurisdiction.[2]  The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.  Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004).  In order to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant the court conducts a Rule 12(b)(6) analysis to determine whether the complaint states a claim under state law against the non-diverse defendant.  Id.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge there is no fraudulent joinder.  Id.

Without a doubt Plaintiffs state a claim against the Estate under state law.  Joyce Ricks was the driver of the vehicle in which Plaintiffs were passengers when they sustained their alleged injuries.  Ford is clearly equating Plaintiffs' ability

---

[2] "Fraudulent joinder" is almost always raised in the context of removal because the purpose of a fraudulent joinder is to *defeat* federal jurisdiction.  A plaintiff who *chooses* a federal forum will not knowingly sabotage jurisdiction by adding a non-diverse defendant.  Therefore, fraudulent joinder will rarely have application where suit is originally filed in federal court.

"to recover" against the Estate with Plaintiffs' ability to collect on a money judgment against the Estate.  Inability of a plaintiff to collect on a money judgment from a particular defendant is not grounds for concluding that the defendant is fraudulently joined.  See Winchester Nav. Ltd. v. Kennedy Funding, Inc., No 00-3805, 2001 WL 1117245, at *2 (E.D. La. Sept. 21, 2001) (Clement, C.J.) (citing Nosonowitz v. Allegheny Beverage Corp., 463 F. Supp. 162, 163 (S.D.N.Y 1978); Park v. N.Y. Times Co., 308 F.2d 474, 478 (5th Cir. 1962)); Clipper Air Cargo, Inc. v. Aviation Prods. Int'l, 981 F. Supp. 956, 960 (D.S.C. 1997) (citing Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434 (W.D. Va. 1990) (noting the distinction between a defendant who is fraudulently joined and a defendant who is judgment proof)).

Consequently, this Court has no basis upon which to dismiss the Estate over Plaintiffs' objection.  Because the parties are not completely diverse, this Court is without subject matter jurisdiction to adjudicate Plaintiffs' claims.

Accordingly;

**IT IS ORDERED** that Plaintiffs complaint should be and is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

* * * * * * * *

6